UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JAMES CARGILL,

    Plaintiff,                                Civil Action No. 11-CV-11360

vs.                                         HON. BERNARD A. FRIEDMAN

LLOYD RAPELJE,

    Respondent.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is presently before the Court on petitioner's application for a writ of habeas corpus. Magistrate Judge Paul J. Komives has issued a Report and Recommendation ("R&R") in which he recommends that the application be denied and that no certificate of appealability be granted. Petitioner has filed timely objections. Under Fed. R. Civ. P. 72, the Court reviews *de novo* those portions of an R&R to which timely and proper objections have been filed.

Petitioner's first claim is that the trial court erred in admitting into evidence a videotaped recording of petitioner's interrogation. The magistrate judge concluded that this claim is barred because it was procedurally defaulted and because no exception (i.e., either cause and prejudice or fundamental miscarriage of justice) saves the claim for review, mainly because petitioner has failed to show that he was prejudiced by the recording or that he was actually innocent of the charges. In reaching this conclusion, the magistrate judge noted that the trial judge's decision to convict petitioner was based on the highly persuasive testimony of several witnesses to the crime and that petitioner's videotaped interview played little, if any, role. The magistrate judge also noted that in denying petitioner's motion for a new trial, the trial judge himself indicated that he would have

convicted petitioner even if the videotape had been excluded. In his objections, petitioner fails to show any error in the magistrate judge's reasoning. Petitioner has not show that he was prejudiced by the recording's introduction into evidence or that he was actually innocent. Petitioner's objections as to the first claim are rejected.

      Petitioner's second claim is that the trial court calculated his sentencing guidelines incorrectly. The magistrate judge concluded that no relief is available on this claim because alleged errors in the scoring of sentencing guidelines generally are not cognizable as a basis for habeas relief and, further, because petitioner has not shown that the trial judge sentenced him in reliance on any inaccurate information. In his objections, petitioner does not indicate specifically why the magistrate judge's analysis of this claim is erroneous. Rather, petitioner simply repeats the argument he made previously that he has a claim under *Townsend v. Burke* and *United States v. Tucker*. As the magistrate judge correctly noted, however, petitioner has not shown that he was sentenced based on any inaccurate information. Petitioner's objections as to the second claim are rejected.

      Petitioner's third claim is that his trial counsel was ineffective. The magistrate judge concluded that no habeas relief is available on this claim because petitioner has failed to show that his trial attorney's performance fell below an objective standard of reasonableness or that petitioner was prejudiced by any of the alleged ineffectiveness. Specifically, the magistrate judge found that petitioner was not prejudiced by his attorney's failure to challenge, under *Miranda*, the prosecutor's introduction of petitioner's videotaped interview; that his attorney's alleged failure to impeach a witness (King) was reasonable trial strategy; that his attorney's comments at sentencing were a correct statement of the law and hence not deficient; and that his attorney cannot be faulted for failing to object to a witness's (Overton's) in-court identification of petitioner because the identification

could not be challenged based on any suggestive pretrial identification procedure.

In his objections, petitioner fails to show any error in the magistrate judge's analysis of these issues. The Court finds the magistrate judge's analysis to be unassailable. Clearly, petitioner has no claim regarding the videotaped interview because the trial judge gave it little, if any, weight. Petitioner has no claim regarding the impeachment of the witness (King) who implicated him in the crime because cross-examination tactics are an issue of trial strategy and because several other witnesses also implicated petitioner. Petitioner has no claim regarding his attorney's comments during sentencing because the comments were, as found by the Michigan Court of Appeals, simply a correct statement of the law and an attorney owes a duty of candor to the court. And petitioner has no claim regarding his in-court identification by Overton because his attorney would have had no basis for objecting to that testimony. Petitioner's objections regarding his third claim are rejected.

Finally, petitioner's fourth claim is that the prosecutor committed misconduct by offering the videotaped interview and perjured testimony. The magistrate judge found no merit in this claim because (1) the prosecutor did nothing improper by offering the videotape into evidence and the claim is procedurally defaulted in any event, and (2) petitioner has not shown that the witness in question (King) committed perjury at petitioner's trial. In his objections, petitioner repeats his argument that he was interviewed in violation of his *Miranda* rights, but he fails to fails to show that the claim is not procedurally defaulted in light of the little weight given this evidence by the trial court. And while petitioner has shown that King gave inconsistent testimony at his own trial and, subsequently, at petitioner's trial, the magistrate judge is correct in observing that this does not show that King committed perjury at petitioner's trial or that the prosecutor was in any way involved in the alleged perjury. Petitioner's objections regarding his fourth claim are rejected.

Petitioner also objects to the magistrate judge's recommendation that no certificate of appealability be granted in this case. However, petitioner clearly has failed to make a substantial showing that his constitutional rights were violated under any of the claims raised in his petition. Petitioner's objections to this portion of the R&R are rejected.

For these reasons,

IT IS ORDERED that Magistrate Judge Komives' Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 8, 2013
          Detroit, Michigan

I hereby certify that a copy of the foregoing document was sent to parties of record on January 8, 2013 electronically or by U.S. mail.

s/ Michael Williams
Relief Case Manager for the Honorable
Bernard A. Friedman